# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**WILLIE D. FRAZIER, JR.,**

       **Plaintiff,**

                             **Civil Action 2:10-cv-00782**

**v.**                                  **Judge James L. Graham**

                             **Magistrate Judge E.A. Preston Deavers**

**U.S. DEPARTMENT OF EDUCATION,**

       **Defendant.**

## REPORT AND RECOMMENDATION

### I.  BACKGROUND

This matter is before the Court for consideration of Motion to Dismiss of Defendant United States Department of Education (ECF No. 6) and Plaintiff's Motion for a Directed Verdict (ECF No. 9).[1]  Although the Complaint is highly conclusory, and often difficult to follow, Plaintiff appears to maintain that he is the victim of student loan fraud and that Defendant has erroneously found him in default on various student loans.  He insists that the individual named "Willie Frazier," as it appears on certain Federal loans,[2] is not him and that this name "belongs to a criminal."  (Compl. ¶ 1.)  Furthermore, Plaintiff contends that these events have been ongoing since September 2000 and have caused him mental anguish and stress.  He seeks $50,000,000 in damages.

Plaintiff, who is proceeding *pro se*, originally brought this case in the Franklin County

---

[1]  The Honorable James L. Graham referred these Motions to the undersigned for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2]  According to Defendant's records, Plaintiff is indebted to the United States Department of Education for two student loans, which together have a balance of over $7,000.  (Reyes Decl. ¶ 14, ECF No. 6-1.)

Court of Common Pleas.  Defendants removed this case pursuant to 28 U.S.C. §§ 1442 and

1446.  Defendant now seeks dismissal of the case, maintaining that the Court lacks jurisdiction

to consider Plaintiff's claims under both the Administrative Procedure Act ("APA") and the

Federal Tort Claim Act ("FTCA").  Defendants also seek to dismiss Plaintiff's Complaint for

failure to state a claim.[3]  For the reasons that follow, it is **RECOMMENDED** that the Court

**GRANT** Defendant's Motion, because the Court lacks subject matter jurisdiction, and **DISMISS**

this action without prejudice.

## II.  STANDARD

Defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss

this case for lack of subject matter jurisdiction.  "When the defendant challenges the existence of

subject-matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists."

*Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011) (citing *Nichols v. Muskingum Coll.*,

318 F.3d 674, 677 (6th Cir. 2003)).  "A Rule 12(b)(1) motion can either attack the claim of

jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or

it can attack the factual basis for jurisdiction, in which case the trial court must weigh the

evidence and the plaintiff bears the burden of proving that jurisdiction exists."  *DLX, Inc. v.

Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

Furthermore, it is well settled that "[s]overeign immunity prevents suit against the United

States without its consent."  *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010).

Accordingly, "[t]he federal courts may exercise subject matter jurisdiction over a cause

---

[3]  Because jurisdiction is lacking, however, the undersigned finds it unnecessary to
address the merits of Plaintiff's claim.

prosecuted against a federal agency only if the United States has consented to be sued by waiving sovereign immunity." *Fed. Exp. Corp. v. U.S. Postal Serv.*, 151 F.3d 536, 539 (6th Cir. 1998). The Department of Education, as an agency of the United States, possesses sovereign immunity. *Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007). As this Court has recently noted, "[t]he burden is on plaintiff to 'identify a waiver of sovereign immunity in order to proceed against the United States. If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds.' " *Fryer v. Astrue*, No. 1:10–cv–62, 2011 WL 1483922, at *5 (S.D. Ohio Feb. 22, 2011) (quoting *Reetz v. U.S.*, 224 F.3d 794, 795 (6th Cir. 2000)) (Report and Recommendation later adopted).

Finally, Plaintiff is proceeding in this case without the benefit of an attorney. Accordingly, the Court must, and in this case has, construe his filings liberally. *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006).

### III.  ANALYSIS

In this case, Plaintiff does not identify, either in his Complaint or his responsive briefing, the waiver of sovereign immunity under which he is attempting to proceed against Defendant. Accordingly, dismissal for lack of jurisdiction is proper. Furthermore, even assuming, as Defendant generously does, that Plaintiff is attempting to bring actions pursuant to the APA and FTCA, the Court still lacks jurisdiction over Plaintiff's claims.

A.    <u>Administrative Protective Act</u>

Plaintiff contends that Defendant has erroneously classified his loans as being in default. He asserts that he has notified the Government but it refuses to acknowledge that his loans have been discharged. He accuses Defendant of unlawfully attempting to collect on discharged loans.

In support of his claim he attaches two letters to his Complaint which indicate that several loans held by the Michigan Guaranty Agency were discharged due to fraud.  Defendant, the United States Department of Education, however, has never held the loans Plaintiff that the Michigan Guaranty Agency currently holds.  (Reyes Decl. ¶ 16, ECF No. 6-1.)  Put another way, the loans Defendant is attempting to collect are not the loans that the Michigan Guaranty Agency discharged.  The loans Defendant is attempting to collect do not relate to the loans referenced in the letters Plaintiff attached to his Complaint.[4]

Although it is unclear, construing Plaintiff's Complaint liberally, he seems to seek discharge of his student loans pursuant to the APA.  Under the APA, the government waives sovereign immunity, "permit[ting] judicial review of 'final agency action for which there is no other adequate remedy in a court.' "  *CareToLive v. Von Eschenbach*, 525 F. Supp. 2d 938, 948 (S.D. Ohio 2007) (quoting  5 U.S.C. § 704); *see also Wells Fargo Bank, N.A. v. Favino*, No. 1:10 CV 571, 2011 WL 1256771, at *5 (N.D. Ohio Mar. 31, 2011) ("The APA waives the government's sovereign immunity, 5 U.S.C. § 702, and provides subject matter jurisdiction in conjunction with 28 U.S.C. § 1331 over 'final agency action.'") (internal quotations omitted).  As this Court has held, "if an action does 'not constitute 'final agency action' as used under the APA, the district court lacks subject matter jurisdiction to evaluate the complaint . . ." *CareToLive*, 525 F. Supp. 2d at 948 (citing *Invention Submission Corp. v. Rogan*, 357 F.3d 452, 460 (4th Cir. 2004)).[5]

---

[4]  Considering only the allegations within his Complaint, Plaintiff still does not plead sufficient factual detail connecting Defendant to the discharged Michigan loans.

[5]  The Court acknowledges some disagreement in various circuits concerning whether the question of "final agency action" under the APA is jurisdictional.  *Compare, e.g.*, *El Paso*

For the purposes of determining whether agency action is "final" the Court must consider two conditions.  Specifically, "[f]irst, the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined' or from which 'legal consequences will flow.'"  *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citations omitted); *see also Friends of Tims Ford v. Tennessee Valley Auth.*, 585 F.3d 955, 964 (6th Cir. 2009) ("In determining what constitutes final agency action, [t]he core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties.") (internal quotations and citations omitted).

Here, Plaintiff has failed to demonstrate that Defendant has taken any "final agency action."  The Court, therefore, lacks jurisdiction to evaluate Plaintiff's claim.  Specifically, Plaintiff does not provide sufficient information, whether through his Complaint, additional evidence, or in his briefing, to identify exactly what action of Defendant he is challenging.  He does not assert that he has submitted any application for loan discharge to Defendant.  At best,

---

*Natural Gas Co. v. U.S.*, 632 F.3d 1272, 1276 (D.C. Cir. 2011) ("the APA's final agency action requirement is non-jurisdictional.") (citing *Trudeau v. FTC*, 456 F.3d 178, 183–85 (D.C. Cir. 2006)); *with, e.g.*, *Ams. for Safe Access v. Dep't of Health & Human Servs.*, 399 F. App'x 314, 315 (9th Cir. 2010) ("Finality is a jurisdictional requirement for review under APA.").

For purpose of this case, however, the Court need not engage in an academic debate. Even assuming that the Court does not require "final agency action" to have jurisdiction, final action is still "a necessary element of a cause of action under the APA." *CareToLive*, 525 F. Supp. 2d at 948 (citing *Dalton v. Specter*, 511 U.S. 462, 469 (1994)).  As discussed further below, and without considering materials outside the Complaint, Plaintiff has not pleaded sufficient facts to demonstrate that the Department of Education has taken any reviewable final action with regards to a potential discharge of his student loans.  Accordingly, even if the Court would have jurisdiction over any purported APA claim, applying general Rule 12(b)(6) standards, Plaintiff has failed to plead sufficient facts to state a claim.

5

Plaintiff contends that he has sent Defendant documents, which he does not identify, that he contends Defendant ignored.[6]  Plaintiff attaches letters from the Michigan Department of Treasury to his Complaint, which state that loans from a Michigan Guaranteed Stafford Student Loan account were in fact discharged due to fraud.  (Compl. 3–4, ECF No. 2.)  It appears these letters might have been the "documentation" to which Plaintiff refers in his Complaint.  (*Id.* at 2.)  Plaintiff provides no information, however, as to how these letters are relevant to any loans that Defendant, the United States Department of Education, holds.  Defendant indicates that the Michigan Guaranty Agency has not assigned any loan against Plaintiff for collection.  (Decl. ¶ 16, Ecf No. 6-1.)  Again, Plaintiff's student loans from Michigan are separate and in no way related to loans that the United States is attempting to collect.

In summary, Plaintiff does not provide any information to indicate that Defendant has taken any "final agency action" within the meaning of the APA as outlined above.  Defendant, on the other hand, through declaration under the penalty of perjury, provides that Plaintiff has not submitted an application for discharge of his student loans. (Reyes Decl. ¶ 15, ECF No. 6-1.) Plaintiff, therefore, has no claim under the APA for a discharge of his federal student loans over which this Court has jurisdiction.

---

[6]  The APA does "authorize[] reviewing courts to 'compel agency action unlawfully withheld or unreasonably delayed.' "  *US Technology Corp. v. Johnson*, No. 2:08-CV-82, 2009 WL 86745, at *6 (S.D. Ohio Jan. 13, 2009) (quoting 5 U.S.C. § 706(1)).  Nevertheless, "[u]nder the Supreme Court's narrow construction of § 706(1) of the APA, however, a claim 'can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take.' " *Id.* (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004)). Here, to the extent he is attempting to bring a claim pursuant to § 706(1) for his concerns that Defendant has ignored his documentation, Plaintiff has provided insufficient information, whether considering his Complaint, briefing, or submitted evidence, for the Court to reasonably infer that the Department of Education has failed to take any action it is required to take.  Thus, the Court cannot compel the Department of Education into action.

B.    Federal Tort Claim Act

        To the extent Plaintiff is attempting to state a tort claim against Defendant under the

FTCA,[7] the undersigned also finds that the Court lacks jurisdiction.  "The FTCA provides a

limited waiver of the federal government's sovereign immunity, granting federal courts exclusive

jurisdiction over tort claims where 'the United States, if a private person, would be liable to the

claimant in accordance with the law of the place where the act or omission occurred.' " *Witkop*

*v. U.S.*, 391 F. App'x 501, 503 (6th Cir. 2010).  Pursuant to the FTCA, however:

> An action shall not be instituted upon a claim against the United States for money
> damages for injury or loss of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee of the Government while
> acting within the scope of his office or employment, unless the claimant shall
> have first presented the claim to the appropriate Federal agency and his claim
> shall have been finally denied by the agency in writing and sent by certified or
> registered mail.

28 U.S.C. § 2675(a).  Accordingly, under the FTCA, "the plaintiff must exhaust any

administrative remedies before bringing a lawsuit . . . ."  *Rector v. United States*, 243 F. App'x

976, 979 (6th Cir. 2007).  When a plaintiff fails to exhaust administrative remedies pursuant to

28 U.S.C. § 2675(a), the Court must dismiss the suit for lack of subject-matter jurisdiction.

*Roberts v. United States*, 191 F. App'x 338, 344 (6th Cir. 2006); *see also Joelson v. United*

*States*, 86 F.3d 1413, 1422 (6th Cir. 1996) ("Because [the plaintiff] does not allege that he has

filed an administrative claim, he has not satisfied the jurisdictional prerequisite to obtaining

judicial review under the Federal Tort Claims Act, and the district court properly dismissed this

claim.").

---

        [7]  As Plaintiff seeks $50,000,000 in damages, it would appear that his claims are in the
nature of a tort which is an unlawful or wrongful act that does not relate to a contract.

7

In this case, it does not appear that Plaintiff names the appropriate defendant for a FTCA claim. *Fryer*, 2011 WL 1483922, at *5 ("Actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee.") (citing 28 U.S.C. §§ 2671–680). Even if the Department of Education would have been a proper defendant, Plaintiff does not allege facts demonstrating that he has exhausted his administrative remedies and has not submitted any evidence from which the Court could reasonably conclude that he has done so. Accordingly, because Plaintiff has failed to provide, in any fashion, that he has presented a claim to Defendant regarding the events he describes, the Court is without jurisdiction to consider any FTCA claim.

## IV. CONCLUSION

For the above reasons, the undersigned finds that the Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, it is **RECOMMENDED** that the Court **GRANT** Defendant's Motion to Dismiss of Defendant U.S. Department of Education (ECF No. 6) and **DISMISS** this action without prejudice. Consequently, it is also **RECOMMENDED** that the Court **DENY** Plaintiff's Motion for a Directed Verdict (ECF No. 9).[8]

## V. NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[8] Defendant moved for a directed verdict. (ECF No. 9.) In the document, however, Plaintiff again asserts that he is not in default of his student loans, and references the Michigan loans that have been discharged. Plaintiff has offered no grounds to support his Motion.

8

Response to objections must be filed within fourteen (14) days after being served with a copy.
Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and
Recommendation will result in a waiver of the right to *de novo* review by the District Judge and
waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex
Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate
judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district
court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that
defendant waived appeal of district court's denial of pretrial motion by failing to timely object to
magistrate judge's report and recommendation).  Even when timely objections are filed, appellate
review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994
(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the
issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: June 3, 2011                                   */s/ Elizabeth A. Preston Deavers*
                                                     Elizabeth A. Preston Deavers
                                                     United States Magistrate Judge

9